Curia, per

Johnston, Ch.
No doubt has been intimated that the words of the bequest to the Misses Neyle, without reference to the other words of the Will, are such as, at Common Law, constitute the legatees joint tenants of the thing given.
One of the acknowledged Common Law incidents of a joint tenancy is that, upon the death of any of the tenants, before or after the vesting of the right, the survivors take the whole. (See the case of Owen vs. Owen, 1 Atk. 494, and the authorities referred to in that case and in the notes.)
In this case, Mary Bryan Neyle died before the testatrix, and of course before the will could operate to vest in her the .interests given to her by that instrument; and the survivors *23 must take, unless there is something in the Acts of the Legislature to divert the right from them, or unless there are other words in the will qualifying the words of this bequest, and shewing that they do not, in fact, create a joint tenancy.
The Acts of 1734, (F. L 139,) 1748, (P. L. 18,) and 1791, (1 Faust, 27,) all recognize the title by joint tenancy as one well known to our laws, and have not undertaken to abolish it. They simply regulate and modify its qualities in certain cases; in all of which they contemplate,’ as a pre-requisite to their own operation, that the interest upon which they are to operate shall have actually vested. If there is any exception, it is in the Act of 1734, which authorizes a joint tenant to transmit his interests by will: but that Act cannot reach this case, because, even if Mary Bryan could have disposed of her interests by will, she made none.
Then, are there any qualifying words in the context of Mrs. Herbemont’s will, shewing that the Misses Neyle do not take their legacies as joint tenants l If it is a case of joint tenancy, the survivors take ; if it is a tenancy in common, the share of Mary Bryan was by her death freed from it, and became intestate as to the clause containing the bequest, and lapsed into the residuary clause.
The leaning, in England, as between testacy and intestacy, is in favor of the former, — perhaps to a greater extent than would be allowed here: but, as between joint tenancies and tenancies in common, although it was anciently otherwise, (1 Yesey Sen’r. 166) the leaning is in favor of the latter, notwithstanding its quality of lapsing. Thus the Lord Chancellor, in Joliffe vs. East, (3 Br. C. R. 27,) said “I believe it is very well understood that the court decrees a tenancy in common as much as it can,” and intimated, as done by the Master of the Rolls in Russell vs. Long (4 Ves. 554,) that the' rule of survivorship will be admitted only where there are no *24 words that will point to a tenancy in common. The same doctrine, with the reasons of it, is explicitly stated by the Lord Chancellor in Stones vs. Heartly, (1 Ves. Sen. 166,) and is said in Owen vs. Owen, (1 Atk. 495,) to be particularly applicable to wills.
Under the inclination to prefer constructions favorable to tenancies in common, the courts have habitually laid hold of the slightest words evincive of an intention to create a severance. Thus, in Owen vs. Owen (1 Atk. 494) before referred to, where the bequest was to two jointly, with a direction to divide equally between them, there, the latter words were held to constitute a tenancy in common. The same effect was allowed in Lashbrook vs. Cock, (2 Meriv. 70,) where the testátor gave property to his two daughters, between them ; and, in Ackerman vs. Burrows (3 Ves. & Beames, 54,) where the will was in an epistolary form, addressed to the testator’s mother and sisters, and contained bequests “to be divided amongst you!' So, in Campbell vs. Campbell, (4 Br. C. R. 15,) where some of the legacies were given to, and others to and amongst the legatees, a distinction was drawn between them, and the former were held to be joint tenants, while the latter, by force of the word amongst, a very slight word for that purpose, were adjudged to be tenants in common; and, in Perkins vs. Baynton, (1 Br. C. R. 118,) where the will gave “to Stukely and William £ L500, jointly and between them,” the word between was held to create a severance. (See the cases collected in Ward on Legacies, ch. 453, 18 Law Libr. 226.)
It is supposed that there are words in the context of this will which may be laid hold of to construe this legacy a tenancy in common; and the direction that the avails of the house and of Howell’s bond “be divided into ten equal parts,” (four of which are, in the clause now under consideration, bequeathed to the Misses Neyle,) has been relied on for this purpose.
*25 It does not appear, from the cases, that the mere fact, that ihe subject of the bequest consists of several parts, militates against the idea of its being held by a joint interest} unless it has been reduced into parts with a view to several enjoyment. Thus, five hofses, or ten slave's, or a thousand sheep, may be the subject of a gift in joint tenancy. But, if a thing in a state of entirety is directed to be sub-divided, and is then transferred by words of joint gift, the interest passing by the words may be joint, or several, according to the intention with which the sub-division was ordered to be made. Thus, if a testator, having- four children, should direct that his estate should be divided into four parts, and then give the whole estate to four children, without words of severance, this must be considered as a gift of one fourth to each; for, unless such was the testator’s intention, the direction to divide the subject matter of bequest into parts was a senseless act. But if the same testator should direct that one fourth should be separated from his estate and given to one of his children, and that the residue should be given to the other three children, it is not easy to perceive on what principle it could be assumed that his intention was that the three should hold several interests, and that the property given them should be severed into three parts, when he gave no such direction.
In the case before us, every thing depends on the intention with which the fund was directed to be'divided into ten parts. If that intention extended into the clause by which four of the tenths were bequeathed to the Misses Neyle, that circumstance, it appears to me, would be decisive of the question we are considefing. But it appears from a contemplation of the will, that the motive of sub-division was to render the composition of the instrument more convenient. As there was an intention to give a tenth of the fund to several legatees,, (six in number,) the direction tci divide the whole into ten *26 parts was with a view to facilitate the expression by which the legacies were to be given to these six. After the six legacies were disposed of, there remained a surplus consisting of four tenths, which was given as a surplus, (“remaining”) to the four Misses Neyle.
Petigrtt, for the motion. Gregg, contra.
I have considered the words, directing the division into parts, solely with reference to the intention with which they were apparently employed. This appears to be the proper way of estimating their influence as qualifying words, and the same way in which the qualifying words were considered in the cases to which I have referred* The court, in all the cases, professed to be in seach of,the intention to be collected from the words employed. They acknowledged, indeed, a disposition to be easily persuaded that the intention was according to that kind of estate most favored by them; and, judging from the slightness of the words and expressions which they allowed in some cases to prevail, their disposition to receive the desired impression was most anxious. But, in no case has it been intimated that words are to be arbitrarily wrested to a purpose not agreeable to the intention with ■ which they were used.
It is ordered that the circuit decree, upon the. point appealed from, be set aside, and it is adjudged that the four tenths decreed to Mary Bryan Neyle, Eliza Hester Neyle, Charlotte Neyle and Emily Neyle, vested entirely in the said Eliza Hester, Charlotte and Emily, as joint tenants,
Johnson and Dunkin, Ch., concurred.